MONTANA MILK CONTROL BOARD, on Behalf of the State of Montana, et al., Plaintiffs and Respondents, v. HARTFORD ACCIDENT AND INDEMNITY COMPANY, a Corporation, Defendant and Appellant.

No. 11592.
Decided July 9, 1969.
456 P.2d 302.

Keller, Magnuson, Reynolds & Drake, Helena, Glen L. Drake (argued), Helena, for appellant.

Brazier & Dowling, Helena, Geoffrey L. Brazier (argued), Helena, for respondents.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

This is an appeal from a summary judgment granted in favor of the Milk Control Board against Hartford Accident & Indemnity Company in the district court of Lewis and Clark County.

The Montana Milk Control Board, hereinafter referred to as the respondent, brought this action against the bonding company, hereinafter referred to as the appellant, pursuant to section 27-426, R.C.M.1947.

In 1959, the appellant issued a milk distributor's bond to the Thompson Dairy Company, Inc. of Billings, Montana. Said bond was filed with the respondent board and renewed anuually by the dairy. During a routine audit of Thompson Dairy in September, 1963, the board found that the dairy had underpaid its producers in the amount of $29,102.30 over a period from April, 1962 through September, 1963. The dairy protested these findings and an administrative hearing was held by the board on January 13, 1964. The board concluded that the amounts of the claimed underpayments by the dairy to its producers was $23,814.27. On February 7, 1964, Thompson Dairy filed a petition for review on the board's ruling with the clerk of court in Yellowstone County. However, the petition was never presented to the court, nor was notice ever served upon the Milk Control Board. On March 9, 1965, the board made a voluntary appearance in said case and on July 12, 1966, an administrative rehearing was held. The board made the same findings as it did at the January, 1964 hearing.

The appellant was first officially notified of the claim against the dairy and the potential claim on its bond by letter on February 1, 1967. When this action was instituted, the dairy was in-

solvent. Complaint in this matter was filed by the board on February 27, 1967.

The sole question presented to this Court is whether or not this action was barred by the running of the statute of limitations. Appellant contends that between the discovery of the shortage of payment in September, 1963, until suit was brought against them in February, 1967, more than three years had elapsed. Therefore, under either the two year statute of limitations in section 93-2607(1) R.C.M.1947, or the three year statute of limitations in section 93-2605(3) R.C.M.1947, the appellant's motion for summary judgment should have been granted.

■ The cause of action does not accrue so as to start the statute of limitations running until the plaintiff has a right of action. The respondents in this case had no right of action until the dairy had exhausted its administrative remedies. Section 27-426, R.C.M.1947, provides as follows:

"* * * Said bond shall be to the state in favor of every producer of milk. In case of failure of the distributor to pay any producer or producers for milk in the manner required by this act, the board shall proceed forthwith to ascertain the names and addresses of all producer-creditors of such distributor, together with the amounts due and owing to them and each of them by such distributor, and shall request all such producer-creditors to file a verified statement of their respective claims with the board. Thereupon the board shall bring an action on the bond on behalf of said producer-creditors * * *."

■ In this proceeding the bonded distributor of milk indulged in administrative and court proceedings over a three year period, with the intent to ultimately modify and reduce the amount found due and owing to its producers. The last formal act prior to the filing of this action was the issuance of Supplemental Findings, Conclusions, and Rulings in the Montana Milk Control Board, dated January 9, 1967. The ascertainment of the amounts due each producer-creditor did not occur until January,

1967 and this action was filed in February, 1967, well within the scope of any statute of limitations.

Furthermore, a milk distributor's bond is intended to protect milk producers who sell milk to licensed distributors and assure them that they will be paid. It would be unjust to construe the statute of limitations in a manner defeating the very purpose of this bonding statute. The appellants contend that they had no official notice of the suit until February, 1967, yet the voluminous records of this case indicate that they had knowledge of the administrative proceedings with the board much earlier. This Court also cannot say that appellant was prejudiced by the delay caused due to extensive administrative and court proceedings on the part of the distributor.

The judgment is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES HASWELL, JOHN C. HARRISON, and BONNER, concur.